## Heckard v. Heckard

*James Paul McArdle*, for libellant; *S. H. Reichman*, for respondent.

THOMAS M. MARSHALL, J., May 6, 1932.—Frank G. Heckard seeks to have his marriage with Sarah Heckard annulled.

He was married to the respondent June 7, 1927. At the time of said marriage, respondent was married and undivorced. On July 11, 1927, a decree divorcing respondent from her first husband was handed down by the Court of Common Pleas of Allegheny County.

Libellant claims that he did not know that his wife was undivorced at the time of their marriage and claims he did not learn of it until October of 1930, and that he continued to live with her until January 10, 1931.

The respondent admits that she married the libellant before she secured her decree in divorce, but she said the libellant persuaded her to get married and that he actually paid for the expense of her divorce.

Does section 67 of The Divorce Law of May 2, 1929, P. L. 1237, apply with retroactive force, and, if the section is retroactive, does it violate the Federal Constitution?

Under the Act of April 14, 1859, P. L. 647, in a petition for annulment of a bigamous marriage the courts gave their aid only to "an innocent or injured party". Unquestionably, prior to the passage of the Act of 1929, the libellant would have had no standing in our courts to seek an annulment of his marriage as he was not an innocent or injured spouse.

The Divorce Law of 1929, sec. 12, follows substantially the Act of 1859, but omitted the words "innocent or injured party". Section 67 of The Divorce Law of 1929 purports to say that the provisions of the act shall apply to all cases where the cause for divorce arose prior or subsequent to the passage of the act.

Counsel for libellant argues that he is an innocent and injured spouse but that regardless of that he is entitled to a divorce under the Act of 1929. Said act repeals, under section 75, the Act of 1859. Section 12 of the Act of 1929 reads as follows:

"In all cases where a supposed or alleged marriage shall have been contracted, which is absolutely void by reason of one of the parties thereto having a spouse living at the time the supposed or alleged marriage, may, upon the application of either party, be declared null and void, in accord with the principles and forms hereinafter prescribed for cases of divorce from the bond of matrimony."

As we understand it, the Act of 1859, admitting marriages such as the one at bar to be void, nevertheless denied relief to a spouse not "innocent and injured". Its effect was to deny a remedy to a spouse not innocent.

The Act of 1929, sec. 12, granted a remedy to one not innocent and injured. It could not be deemed unconstitutional because retroactive, as claimed by the respondent, because statutes are valid which merely add a remedy to an already existing act.

Counsel for respondent has cited a number of cases which were decided prior to the passage of the Act of 1929. In the cases cited the marriages originally were merely voidable and not as here absolutely void.

Respondent further contends that there was a common-law marriage between libellant and respondent and there is evidence to the effect that the parties did live together for some time following the discovery by the libellant that his wife had not secured her divorce until after their marriage. The evidence, however, does not go further than to say they lived together as man and wife.

We hardly believe that the court, much as it desires to do so, would be justified in holding that a common-law marriage, even if the evidence established that fact, would set aside an express statute.

We therefore reluctantly find in favor of the libellant.

From William J. Aiken, Pittsburgh, Pa.